UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSVALDO MALDONADO, | No. 2:17-cv-1576 DB |
| Plaintiff, | |
| v. | ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] Plaintiff's motion argues that the Administrative Law Judge's treatment of the medical opinion evidence and plaintiff's subjective testimony constituted error. For the reasons explained below, plaintiff's motion is granted in part, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

////

////

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 7 & 9.)

1

**PROCEDURAL BACKGROUND**

In December of 2014, plaintiff filed applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security Income ("SSI") under Title XVI of the Act alleging disability beginning on January 7, 2013. (Transcript ("Tr.") at 17, 215-28.) Plaintiff's alleged impairments included PTSD, depression, arthritis, sleep apnea, and anxiety. (Id. at 277.) Plaintiff's applications were denied initially, (id. at 161-65), and upon reconsideration. (Id. at 169-75.)

Thereafter, plaintiff requested a hearing which was held before an Administrative Law Judge ("ALJ") on December 1, 2016. (Id. at 53-80.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 53-55.) In a decision issued on February 3, 2017, the ALJ found that plaintiff was not disabled. (Id. at 37.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2020.
>
> 2. The claimant has not engaged in substantial gainful activity since January 7, 2013, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: post-traumatic stress disorder, depressive disorder and right knee pain status post arthroscopic surgery (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) in that he can lift and carry, push and pull twenty pounds occasionally and ten pounds frequently, sit for six hours of an eight hour day except he can stand and walk for four hours of an eight hour day; can occasionally climb, kneel, crouch, and frequently balance, stoop and crawl; and he must avoid concentrated exposure to noise and vibration. He can do simple and detailed tasks with occasional public contact and no co-worker/team type work.

////

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on December 12, 1971 and was 41 years old, which is defined a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from January 7, 2013, through the date of this decision (20 CFR 404.1502(g) and 416.920(g)).

(Id. at 19-37.)

On May 26, 2017, the Appeals Council denied plaintiff's request for review of the ALJ's February 3, 2017 decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on July 29, 2017. (ECF No. 1.)

**LEGAL STANDARD**

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or

reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

**APPLICATION**

Plaintiff's pending motion asserts the following two principal claims: (1) the ALJ's treatment of the medical opinion evidence constituted error; and (2) the ALJ improperly rejected plaintiff's subjective testimony. (Pl.'s MSJ (ECF No. 18) at 11-16.[2])

////

////

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

## I. Medical Opinion Evidence[3]

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or non-examining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant[.]" Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (Id. at 831.) Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

Here, plaintiff challenges the ALJ's treatment of the opinion offered by Dr. Mikel Matto, a treating psychiatrist for the Department of Veterans Affairs ("VA").[4] (Pl.'s MSJ (ECF No. 18)

---

[3] Although the heading for this claim in plaintiff's motion for summary judgment styles this as failure to develop the record claim, the briefing by both plaintiff and defendant make clear that plaintiff is challenging the ALJ's treatment of a medical opinion. Plaintiff's criticism regarding the ALJ's failure to develop the record is simply part of plaintiff's challenge to the ALJ's overall treatment of the medical opinion.

[4] "We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist." 20 C.F.R. § 404.1527(c)(5).

at 6.) Dr. Matto evaluated plaintiff "annually since September 10 of 2014," and last evaluated plaintiff on January 9, 2016. (Tr. at 979-80.) The ALJ recounted Dr. Matto's opinion as follows:

> Evaluating psychiatrist Dr. Mikel Matto . . . indicated his symptoms have not improved despite treatment and given his continued environment and continued exacerbation of PTSD[5] symptoms he will likely see no improvement. He noted the claimant was considered stable, at the moderate to severe level, unlikely to return to service since military environments appear to aggravate his condition.

(Id. at 34.)

The ALJ discussed Dr. Matto's opinion as part of a discussion of several VA disability opinions.[6] The ALJ afforded all "Veterans Affairs disability opinions" only "partial weight," stating that "Veterans Affairs disability opinions" are "not a Social Security Administration decision based on Social Security law about whether a claimant is disabled." (Id.) However, "the VA disability rating must be considered and ordinarily must be given great weight[.]" McLeod v. Astrue, 640 F.3d 881, 886 (9th Cir. 2011).

In this regard, the Ninth Circuit has held that when an ALJ evaluates a VA disability rating "great weight to be ordinarily warranted 'because of the marked similarity between these two federal disability programs.'" Luther v. Berryhill, 891 F.3d 872, 876 (9th Cir. 2018) (quoting McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002)). Because the "'criteria for determining disability are not identical'" under the two disability programs, an ALJ may "'give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record.'" Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 695 (9th Cir. 2009) (quoting McCartney, 298 F.3d at 1076).

---

[5] According to an October 18, 2016 medical record, plaintiff's PTSD occurred due to "1) attending overnight to a toddler who received 3rd degree burns over 25% of her body and later was medically evacuated and died and 2) witnessing amputations and the impact of blast injuries while serving as the 'casualty liaison' in a trauma setting" in Tallil, Iraq attached to the 86th Combat Support Hospital. (Tr. at 979.)

[6] Although not discussed by the plaintiff, the ALJ's decision noted that VA disability opinions "[e]lsewhere . . . found the condition presents an occupational and social impairment with deficiencies in most areas such as work, school, family relations, judgment, thinking and/or mood." (Tr. at 34.)

6

The only other reasoning provided by the ALJ for assigning less than great weight to the VA disability opinions was the following:

> These opinions appear either temporary, not intended to be permanent findings of disability, affect functionalities not considered for purposes of Social Security evaluations, or lack specific details of how the impairment affects working capacities. They are inconsistent with the other opinions of record, and the medical records as a whole as reviewed above.

(Tr. at 35.) The ALJ, however, does not explain which of the criticisms noted above applied to Dr. Matto's opinion, if any. Nor does the ALJ cite to any evidence in support of this assertion.

> Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs. In other words, an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion.

Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (citation omitted); see also Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity . . . required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.").

For the reasons stated above, the court finds that the ALJ failed to provide a persuasive, specific, valid reason, supported by the record, for affording Dr. Matto's opinion less than great weight. Plaintiff is, therefore, entitled to summary judgment on the claim that the ALJ's treatment of the medical opinion evidence constituted error.

**II.     Plaintiff's Testimony**

Plaintiff also challenges the ALJ's treatment of plaintiff's subjective testimony with respect to plaintiff's mental impairments. (Pl.'s MSJ (ECF No. 18) at 13-16.) The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has

> presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so[.]

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted). "The clear and convincing standard is the most demanding required in Social Security cases." Moore v. Commissioner of Social Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking[.]" Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains."[7] Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792

---

[7] In March 2016, Social Security Ruling ("SSR") 16-3p went into effect. "This ruling makes clear what our precedent already required: that assessments of an individual's testimony by an ALJ are designed to 'evaluate the intensity and persistence of symptoms after the ALJ finds that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms,' and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness." Trevizo v. Berryhill, 871 F.3d 664, 679 (9th Cir. 2017) (quoting SSR 16-3p) (alterations omitted).

(9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id.

Here, the ALJ recounted plaintiff's testimony concerning mental impairments in detail.[8] The ALJ noted that plaintiff alleged that "exposure to war traumas after multiple deployments, Iraq, Kuwait, and elsewhere," contributed to "worsening mental symptoms such as irritability, loss of control of his emotions quickly," and becoming "extremely agitated and angry." (Tr. at 27.) Ultimately, the ALJ found that found that plaintiff's medically determinable impairments could be expected to cause the symptoms alleged, but that plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were "not entirely consistent" with the evidence of record.

The two reasons given by the ALJ in support of this determination were that: (1) "objective findings of abnormalities in mental health symptoms are limited, and his conditions appear controlled with medication and psychotherapy treatment"; and (2) "the allegations of the claimant are challenged by the opinions of record of examining and evaluating physicians." (Id. at 27, 31.) However, as noted above, the ALJ failed to properly evaluate the opinion of a treating psychiatrist. If that opinion were assigned great weight on revaluation, neither of the ALJ's reasons given for discrediting plaintiff's testimony would hold true.

Even if the court were to find that plaintiff was entitled to summary judgment with respect to this claim, the court would nonetheless find that this matter must be remanded for further proceedings. In light of that finding, and the conditional nature of the ALJ's potential error with respect to the treatment of plaintiff's subjective testimony, the court elects to not reach this claim.[9]

---

[8] Although the court has found error, it should be acknowledged that the ALJ's opinion is, overall, extraordinarily well-drafted.

[9] The court will note, however, that with respect to the decision's discussion of plaintiff's hobbies, taking care of his children, watching YouTube, using Facebook, etc., that

> [t]he critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . . and is not held to a minimum standard of performance, as she

9

**CONCLUSION**

After having found error, "'[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" Trevizo v. Berryhill, 871 F.3d 664, 682 (9th Cir. 2017) (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison, 759 F.3d at 1020.

Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

As noted above, the court cannot say the further administrative proceedings would serve no useful purpose. Specifically, Dr. Matto's opinion must be appropriately evaluated. If the ALJ again elects to afford Dr. Matto's opinion less than great weight, the ALJ must provide a persuasive, specific, and valid reason for doing so that is supported by the record. And if the ALJ again elects to reject plaintiff's testimony, the ALJ shall offer a specific, clear and convincing reason for doing so.

---

would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases.

Bjornson v. Astrue, 671 F.3d 640, 647 (7th Cir. 2012).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 18) is granted in part;

2. Defendant's cross-motion for summary judgment (ECF No. 19) is denied;

3. The Commissioner's decision is reversed;

4. This matter is remanded for further proceedings consistent with the order; and

5. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

Dated: September 14, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\maldonado1576.ord